The opinion of the court was delivered by
Rogers, J.
Three errors have been assigned on this record:—
1. That case, and not trespass, was the proper action on the facts proved.
2. That there was no cause of action stated in the first count of the plaintiff’s declaration. And,
3. In instructing the jury, that there must be a warrant by the landholder, and a distress by the proper officer; and in telling them there was no testimony whatever of the defendant’s having complied with any one of these wholesome provisions.
The material facts áre, that Nicholas Sharp, the defendant in error, was indebted to Daniel Kerr, for rent, in .the sum of twelve dollars: That, on the non-payment of the rent, Sharp gave a warrant of distress to Alexander Foster, v;ho distrained grain on the premises, without having the grain either advertised or appraised. It is provided, in-the act of the 21st of March, 1772, that unless goods distrained be replevied, within five days, they shall be appraised by two freeholders, on oath or affirmation, and that, after the appraisement, six days’ notice shall be given; and that, in such case, he may lawfully ¿ell the goods and chattels, for the best price that may be gotten for the same. The law seems to be imperative, that before a sale can be lawfully made, these wholesome provisions of the act must be complied with.
Any irregularity in taking a distress, makes the landlord, at *403 common law, a trespasser ah initio. Com. Law of Landlord and Tenant, 491. 3 Bl. Com. 16, and the authorities there cited. Whenever the law gives one man the right to enter on the premises of another, as in case of a distress, or entry into an inn, then any' act, which in itself is a trespass, makes the party a trespasser ah initio. It is otherwise, when he enters by permission of the party himself. .The act of assembly says, that the landlord cannot lawfully sell, unless these requisites of the act- be complied with. Selling the grain, without having it appraised, or any notice being given of the sale, was a trespass of an aggravated kind, for which an action will lie. .The law makes the entry of the landlord, and his bailiff, unláwful from the beginning, for which the action of trespass quart clausum fregit is the proper remedy. For the purpose of removing the inconvenience to landlords, in England, the act of parliament of the 11 Geo. 2, c. 19, was passed. If the nineteenth section of that act be.extended to Pennsylvania, there is a,n end of the question. It would appear, from the report of the judges, that two sections only, the fourteenth and fifteenth, have been extended. The extension of the nineteenth section must have been directly and immediately under consideration; and, in such a case, I consider this court .bound by the report. Indeed, I do not conceive how they could have reported otherwise, as it is apparent that the legislature, in passing the act of the 21st of March, 1772, had before them the act of parliament of the 11th Geo. 2., and would appear to have excluded the nineteenth section, from a consideration of the different circumstances of the two countries. It is contrary to the policy of Pennsylvania, to favour landlords at the expense of the tenants.
- It is with great reluctance,, that after a trial of the merits I can listen to a mere technical objection. The plaintiff, in the first count in the declaration, charges the defendants, that they broke and entered his close, and then and there did seize, take, and dis-train the wheat and rye of the said Nicholas, there growing, &c. The gravarnen of the action, is the. breaking and entering the close of the plaintiff; and although it is not denied, that they unlawfully did seize, take, and distrain the wheat and rye, yet, after verdict, we must suppose, that the illegality of the seizure, was proved to the satisfaction of the court and jury. '
The declaration is informally drawn, and the objection here made would have been sustained on special demurrer. Had the defendants so proceeded, the omission would have been perceived, for it-was merely the omission of the word unlawfully, and then the plaintiff would have had leave to amend. No injustice would have been done. By assigning it for error, w’e are called upon to put the plaintiff out of court; for, should we sustain the objection, we have no power to award a venire.
I have carefully reviewed the charge of the Court of Common Pleas, in relation to the third error assigned. It would be treat *404 ing the Courts of Common Pleas and their suitors with great unfairness, if we should take a detached sentence^ without reference to other parts of the charge, and the testimony in the cause. I understand the court merely to say, that the distress, in this case, must be made by the authority of the landlord; and that, as Foster acted as bailiff, he should have a warrant from him, either written or parol.
In conclusion, I have barely to observe, that even if the court were mistaken in their opinion on the facts, it cannot avail the plaintiffs in error, as has been repeatedly held by this court.
Judgment affirmed.